FILED
2013 Jun-04 PM 02:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**CAROL L. EFFINGER, an individual,**

**Plaintiff,**

**v.**

**ALLIANCEONE RECEIVABLES MANAGEMENT, INC., a corporation;**

**Defendant.**

**Civil Action No.:**

**COMPLAINT**

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## JURISDICTION

2.  Personal jurisdiction exists over Defendant as it has the necessary minimum contacts with the State of Alabama and this suit arises out of its specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

3.  Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

4.  Venue is proper as Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendant does business in this judicial district.

## PARTIES

5.  Plaintiff Carol L. Effinger (hereinafter "Plaintiff") is a natural person who is a resident of this judicial district in Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant AllianceOne Receivables Management, Inc., ("Defendant" or "AllianceOne[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Delaware and has its principal place of business in Pennsylvania.

7. Defendant AllianceOne, upon information and belief, allegedly buys defaulted consumer debt or collects defaulted consumer debt owned by other companies.

**RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS**

8. Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

9. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

10. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[2] "AllianceOne" means AllianceOne directly or through its debt collectors, employees and agents and the collection law firm that sued Plaintiff, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

11. 15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a) There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

**FACTUAL ALLEGATIONS**

12. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. The alleged debt at issue related to a Capital One Bank (USA), N.A. credit card.

14. Plaintiff filed Chapter 7 Bankruptcy Petition a number of years ago.

15. The Petition was filed in the Northern District of Alabama.

16. The debt at issue was listed on the Petition.

17. The debt was discharged.

18. In 2009, Plaintiff filed Chapter 13 Bankruptcy.

19. The Case Number is 09-06537-TOM13.

20. Even though the debt was discharged, as is its corporate policy, Capital One filed a Proof of Claim on the discharged debt.

21. Capital One knows this is illegal but Capital One is relentless in its efforts to collect discharged debt even though it is illegal to do so.

22. Plaintiff's bankruptcy attorney filed an objection to the claim as it was previously discharged in Chapter 7 bankruptcy as referenced above.

23. On or about August 3, 2010, Capital One filed a Withdrawal of Proof of Claim.

24. Not satisfied with this failed attempt, Capital One has continued to illegally attempt to collect this discharged debt.

25. Capital One has engaged debt collector Defendant AllianceOne in its illegal efforts to collect this debt.

26.   With full knowledge of the discharge, AllianceOne started a campaign of deliberate intent to harass and oppress Plaintiff to force Plaintiff to pay AllianceOne.

27.   AllianceOne knows that Plaintiff does not owe any money to AllianceOne on any alleged debt.

28.   AllianceOne has refused to investigate this matter on whether Plaintiff owes any money to AllianceOne.

29.   AllianceOne has instead planned, executed, and carried out a collection scheme, plan, and campaign of harassment against Plaintiff.

30.   AllianceOne has misrepresented the character, nature, and amount of the debt as no debt is owed.

31.   AllianceOne has misrepresented not only the existence of the debt, but also the consequences that it will impose upon the Plaintiff if the Plaintiff does not give in to the extortion demands of AllianceOne.

32.   AllianceOne has threatened to collect the discharged debt which is illegal.

33.   AllianceOne has actually collected on the discharged debt which is illegal.

34.   AllianceOne has illegally called Plaintiff to collect this discharged debt which is not owed by Plaintiff.

35.   AllianceOne has illegally written to Plaintiff to collect this discharged debt which is not owed by Plaintiff.

36. AllianceOne has conducted other illegal forms of debt collection to collect this discharged debt which is not owed.

37. AllianceOne knows it cannot collect a discharged debt.

38. There can be no collection on a discharged debt.

39. AllianceOne has refused to apologize to the Plaintiff in writing for its collection conduct.

40. AllianceOne has refused to apologize orally to the Plaintiff for its collection conduct.

41. AllianceOne has refused to make all required disclosures in writing and over the phone to Plaintiff.

42. AllianceOne admits that it is a debt collector with respect to its conduct towards the Plaintiff.

**SUMMARY**

43. All of the above-described collection activities made to Plaintiff by Defendant AllianceOne violated numerous sections of the FDCPA, including (but not limited to) §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

44. All of the above-described collection communications made to Plaintiff by AllianceOne and collection agents of AllianceOne were made in violation of the FDCPA.

45.   The above-detailed conduct by this AllianceOne of harassing Plaintiff in an effort to collect this debt was also an invasion of Plaintiff's privacy and resulted in actual damages to the Plaintiff.

46.   The above detailed conduct by this AllianceOne reflects its knowledge and appreciation for the harm that would naturally and likely happen to Plaintiff and with full knowledge thereof the AllianceOne willfully, maliciously, recklessly, and/or negligently undertook its actions and it was successful in causing the harm to the Plaintiff that AllianceOne wanted to cause.

47.   This abusive collection by AllianceOne and its agents caused Plaintiff stress and anguish.

48.   AllianceOne's attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

49.   Plaintiff has suffered actual damages as a result of these illegal actions by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy, which was due to the illegal conduct of AllianceOne.

50.   A full compensatory damage award and a full punitive damage award will accomplish the goals of Congress in passing the FDCPA - stop abusive

collection practices against consumers and prevent dishonorable debt collectors from having an unfair advantage over collectors that operate within the boundaries of the law.

**RESPONDEAT SUPERIOR LIABILITY**

51. The acts and omissions of AllianceOne's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the AllianceOne.

52. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by AllianceOne in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the AllianceOne.

54. AllianceOne is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

55. AllianceOne negligently and/or wantonly and/or hired, retained, trained or supervised incompetent debt collectors and are thereby responsible to the

Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

56. Defendant AllianceOne negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The acts and omissions of AllianceOne and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff including, but not limited to the following: 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1)

59. As a result of Defendant AllianceOne's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant AllianceOne.

## COUNT II.

## INVASION OF PRIVACY

60. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

61. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant AllianceOne violated Alabama state law as described in this Complaint.

62. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

63. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and

> confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

64. Defendant AllianceOne intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

65. Defendant AllianceOne intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

66. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

67. The conduct of this AllianceOne and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this AllianceOne which occurred in a way that would be highly offensive to a reasonable person in that position.

68. The conduct of the AllianceOne went beyond the bounds of reasonableness in the collection of the alleged debt for all of the reasons asserted in this Complaint and based upon the evidence which will be presented at trial.

69.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from AllianceOne.

70.   All acts of AllianceOne and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such AllianceOne is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

71.   Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

72.   AllianceOne negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

73.   Had AllianceOne hired competent debt collectors, the violations described in this Complaint would not have occurred.

74.   Had AllianceOne properly trained and/or supervised the debt collectors, the violations described in this Complaint would not have occurred.

75. The AllianceOne carried out its hiring, supervision and training activities in a negligent manner and also in a reckless, malicious, and/or intentional manner.

76. AllianceOne knew that the actions it was taking against the Plaintiff would likely, and certainly, cause the exact type of injuries and damages that Plaintiff suffered at the hands of the AllianceOne.

**COUNT IV.**

**NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT**

77. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

78. AllianceOne owes a duty to anyone it comes in contact with to act reasonably so as to not unreasonably cause harm.

79. AllianceOne owes a duty to consumers against whom it is collecting to act reasonably.

80. All of the actions described in this Complaint demonstrate that the AllianceOne did not act reasonably towards the Plaintiff.

81. The AllianceOne, by its described conduct, breached its duty to act reasonably towards Plaintiff.

82.   AllianceOne proximately caused injuries and damages to Plaintiff which were of the precise nature that AllianceOne anticipated causing when it breached its duty to act reasonably.

83.   AllianceOne knew, or should have known, that its conduct was likely to lead to the Plaintiff's injuries yet it acted despite this knowledge.

84.   AllianceOne acted with full knowledge and with the design and intent to cause harm to Plaintiff.

85.   AllianceOne was successful in its design, intent, and plan to cause harm to Plaintiff and this is the corporate policy of AllianceOne when dealing with consumers who do not pay debts that AllianceOne alleges are owed.

86.   AllianceOne acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

87.   AllianceOne violated all of the duties AllianceOne had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

88.   It was foreseeable, and AllianceOne did in fact foresee it, the actions of the AllianceOne would lead and did lead to the exact type of harm suffered by Plaintiff.

89. AllianceOne acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

90. AllianceOne invaded the privacy of Plaintiff as set forth in Alabama law.

91. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

92. As a result of this conduct, action, and inaction of AllianceOne, Plaintiff has suffered damage as set forth in this Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

**Attorney for Plaintiff**

**Serve defendant via certified mail at the following address:**

AllianceOne Receivables Management, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104